**In the Matter of the Application**

**of**

**VICENTE GUEVARA REYES and FRANCISCA B. REYES, for initial registration of title to land designated as Lot No. 3269, Ordot, Municipality of Sinajana, Territory of Guam, Petitioners and Appellees,**

**and,**

**MARIA G. TAITANO, ENRIQUETA G. PEREZ, JOSE C. GUEVARA and JESUS C. GUEVARA, for initial registration of title to land designated as Lot 3269-R4, Ordot, Sinajana, Guam, Cross-Petitioners and Appellants**

Civil No. 106-A

District Court of Guam

Appellate Division

August 16, 1974

Before WILLIAMS, TURNER, and PEREZ, *Judges*

TURNER, *Designated Judge*

### OPINION

Application for registration of two parcels of land by three groups of claimants were combined for trial and as a result of the trial court's misunderstanding as to a stipulation between the parties a decree was entered for appellants upon which a certificate of title was issued by the Department of Land Management of Guam. The land was sold before the trial court discovered the error and vacated the decree. It was agreed between the parties the buyer was a bona fide purchaser relying on the certificate of title and the court was asked to decide the case on the merits with the prevailing party to be awarded the sale proceeds in lieu of the land. The court held for the appellees. We affirm

the result but remand for entry of judgment restating the reasons for the judgment.

The appellees (Reyes) petitioned to register title in themselves to Lot 3269, Ordot, Sinajana, Guam. The appellants (Taitano, Perez and Jose and Jesus Guevara) filed a cross-petition to register title in themselves to Lot 3269-R4, Ordot. Manuel and Elena Sablan filed for registration of title to Lot 3269-4, Ordot. The erroneous decree entered due to the misunderstanding held the Sablans to be owners in fee of Lot 3269-4 and the appellants to be owners of Lot No. 3269-R4. The appellees were denied relief by the decree.

On the Reyes motion to modify, the court vacated its decree as to Lot No. 3269-R4. This lot was sold by Vicente Cepeda and Fred Arceo to Ton-Yung Enterprises, Inc., for what appears from the record to be the sum of $400,000. The buyer paid into the Island Court registry $45,440.00 as the amount then due on the buyer's promissory note.

After hearings, wherein the parties agreed the court should retain jurisdiction to determine entitlement to the proceeds of sale, the Island Court held that the appellees were the owners of Lot No. 3269-R4 and all proceeds of the sale to Ton-Yung Enterprises, Inc., paid to them. . . .

This immediately raises the problem of jurisdiction. Section 82, Code of Civil Procedure, limits the Island Court's jurisdiction to claims not exceeding $5,000.00. Section 738 of the Code of Civil Procedure confers jurisdiction on the Island Court to try quiet title or adverse claims to real estate. Section 1157.5 authorizes the Island Court to entertain land title registration cases. The present case was no longer a land registration matter in its second posture after issuance of the decree upon which title was granted.

■ We agree with the trial court that the controversy was ownership of Lot 3269-R4 and that Section 738 gave jurisdiction even though the judgment must provide that money in substantial excess of the court's jurisdiction is

required to be paid out. This recital of the jurisdictional problem, not raised in the trial court, is necessary to permit evaluation of the conflicting ownership claims.

■ The court below found from the evidence the appellee Reyes "has been in possession of said property and has been paying taxes since August, 1918." The court applied to this finding, Guam Civil Code of Procedure, Section 1963, sub(11) that possession presumes ownership. That possession of real property is "prima facie ownership" is a novel and perhaps oversimplified method of determining real property ownership when there are conflicting claims. Because the action necessarily proceeded upon the grant of jurisdiction by Section 738 then the determination of the controversy must be made in accordance with Section 749 of the Guam Code. This requires a showing of "actual, exclusive and adverse possession of such property continuously for twenty years." Possession, without more, even though it gives rise to a rebuttable presumption of ownership, does not meet the statutory requirements. The court did not find the possession of Reyes was adverse to either the appellants or to all others. We examined the record to determine the question.

The parties agreed the original recorded owner was Cecilio Guevara. He died in 1926 and the appellants are his heirs. Appellee Vicente Reyes purchased the land in 1918 and with his bride moved onto it in 1922. Although no deed was contained in the record none was needed. The circumstances surrounding the sale and the departure of the owner from the land were alone sufficient to support the conclusion there was a sale.

■ The fact of a sale, furthermore, is only a fact supporting the conclusion the possession, use and occupancy of the land for more than twenty years was adverse to the owner of record and to the heirs of the original owner,

who are the appellants. It must be concluded as a matter of law the appellees established their claim of ownership in accordance with the requirements of Section 749. It is not necessary to recite all the evidence in the record to support this conclusion, but only to say it is adequate.

Appellants' brief and counsel's argument to this court complained that the trial court either did not consider or at least made no findings in support of the judgment in accordance with the requirements of Sections 321, 324, and 325, Code of Civil Procedure, which pertain to the five year statute of limitations barring actions when title is claimed by adverse possession. The statutory provisions of Section 325 requiring for the five-year adverse possession, enclosure or cultivation and improvement, is not specifically applicable. Adverse possession that is hostile to the record owner, together with the other elements set forth in the statute need not meet the five-year statutory requirements of enclosure, cultivation, and payment of taxes.

The record established the basic elements of adverse possession to the effect that the occupancy was open and notorious; hostile to the recorded title; under color of title or claim of right; continuous and uninterrupted for the specified period, which in this instance was twenty years.

The judgment of the Island Court is remanded for entry of judgment in accordance with this opinion.